SILAS A. SKILLIN *vs.* COLBY MOORE and dwelling house.

Piscataquis.     Opinion December 20, 1887.

*Liens. Buildings. Real estate.*

Where the purchaser of land takes a bond for a deed with a right to enter into possession and erect a building thereon, the building when erected becomes a part of the realty and the legal title to it is in the owner of the land.

In order to enforce a lien upon such a building, for labor or materials used in its erection, the building and lot should be attached as real estate, and a return thereof made by the officer to the registry of deeds in the county.

ON report.

Assumpsit for labor on a dwelling house under contract with defendant, Moore, for which a lien was claimed on the dwelling. William Paine, the alleged owner of the dwelling, appeared in obedience to a mandate of the court and was made a party to the action.

The opinion states the facts.

*J. F. Sprague*, for plaintiff.

The proper certificate of the amount due the plaintiff was filed in the clerk's office of the town of Monson. This was a sound foundation for the action. *Ricker* v. *Joy*, 72 Maine, 107.

If the town clerk did not perfect his record in accordance with the facts he had the authority to amend it at a subsequent time. *Welles* v. *Battelle*, 11 Mass. 477; *Chamberlain* v. *Dover*, 13 Maine, 466; *Prince* v. *Skillin*, 71 Maine, 361; Spaulding's Practice, 325 and cases there cited.

The officer's return is conclusive in all actions except those in which the officer is a party. *Witherell* v. *Hughes*, 45 Maine, 62; *Darling* v. *Dodge*, 36 Maine, 370; *Dutton* v. *Simmons*, 65 Maine, 586; *Bott* v. *Burnell*, 11 Mass. 165; *Campbell* v. *Webster*, 15 Gray, 28.

In various ways Paine consented to this work. This makes the lien good against him although the contract was made with Colby Moore. *Morse* v. *Dole*, 73 Maine, 353.

This case is within the rule laid down in *Rines* v. *Bachelder*, 62 Maine, 95. The court here decided that one who has bargained for a parcel of real estate and failed to pay for it, having erected buildings thereon by the consent of the owners of the realty, such buildings are his personal property.

An agreement giving a right to remove a dwelling house which is put upon the land of others may be implied upon circumstances; 14 Allen, 124.

When the owner of land has given permission to another person to erect a building upon his land to be held and enjoyed as his personal property, if given before the building is erected, such building is not a part of the realty. *Gibbs* v. *Estey*, 15 Gray, 587, and cases there cited; 4 Mass. 514; 5 Pick. 487; 8 Pick. 402; 8 Cush. 190; 1 Gray, 578; 7 Allen, 187.

The case also shows that Paine made a written contract with Moore to build this house. When he did that he thereby empowered Moore to employ the necessary workmen to execute said contract, and the labor of such workmen was performed by the consent of Paine necessarily implied from the contract under which said house was built. *Parker* v. *Bell*, 7 Gray 429;

*Hilton* v. *Merrill*, 106 Mass. 530; *Worthen* v. *Cleaveland*, 129 Mass. 573; *Davis* v. *Humphrey*, 112 Mass. 314.

It seems that the land was sold by each and all the parties with a superadded agreement that buildings were to be erected. To sustain the positions that such dwelling house is personal property, I cite the following cases: *First Parish in Sudbury* v. *Jones*, 8 Cush. 190; *Wells* v. *Banister*, 4 Mass. 514; *Howard* v. *Fessenden*, 14 Allen, 128; *Russell* v. *Richards*, 10 Maine, 431; S. C. 11 Maine, 374; *Jewett* v. *Patridge*, 12 Maine, 250; *Osgood* v. *Howard*, 6 Maine, 452; *Rines* v. *Bachelder*, 62 Maine, 99; *Dustin* v. *Crosby*, 75 Maine, 75; *Davis* v. *Humphrey*, 112 Mass. 313; *Dame* v. *Dame*, 38 N. H. 429.

*Henry Hudson*, also, for the plaintiff.

By c. 140, Public Acts, 1876, § 28, c. 91, R. S., 1871, was amended so that the laborer has a lien unless the owner gives written notice that he will not be responsible.

The law of 1883, c. 91, § § 30 to 34 inclusive, of R. S. is essentially word for word with that of 1871 with the exception of the amendment of 1876.

Bouvier says, that "consent is either express or implied. Express when it is given *viva voce* or in writing; implied when it is manifested by signs, actions, or facts, or by inaction, or silence which raise a presumption that the consent has been given."

Consent may be implied from such knowledge and acts as appear in this case. *Morse* v. *Dole*, 73 Maine, 353; *Weeks* v. *Walcott*, 15 Gray, 54; *Hilton* v. *Merrill*, 106 Mass. 530; *Davis* v. *Humphrey*, 112 Mass. 313; *Worthen* v. *Cleaveland*, 129 Mass. 573.

*Ephriam Flint, A. G. Lebroke* and *W. E. Parsons*, for William Paine, cited: R. S., c. 91, § 31; *Morse* v. *Dole*, 73 Maine, 351; *Westgate* v. *Wixon*, 128 Mass. 306; *Lapham* v. *Norton*, 71 Maine, 88; *Hemenway* v. *Cutler*, 51 Maine, 407; *Poor* v. *Oakman*, 104 Mass. 309; *Hinkley* v. *Black*, 70 Maine, 473; *Dustin* v. *Crosby*, 75 Maine, 75; 1 Wash. R. P. c. 1; *Williams* v. *Amory*, 14 Mass. 30; *Wilson* v. *Buck-*

*nam,* 71 Maine, 547 ; *Crocker* v. *Pierce,* 31 Maine, 183 ; *Brett* v. *Thompson,* 46 Maine, 480.

LIBBEY, J. The contention between the plaintiff and William Paine, claimant of the property, is whether the plaintiff is entitled to a judgment against the house described in his writ for the lien claimed by him.

The evidence reported fully establishes the following facts : In March, 1884, one Chapin purchased the land known as the Cushman farm, in Monson, of Lucinda Cushman, paying her a part of the price agreed upon and taking a bond for a deed on the payment of the balance at times stipulated. It was understood between the parties that Chapin might take possession of the land, and sell it in lots for the erection of dwelling-houses. Afterwards in the spring of the same year, Chapin contracted with one Penny to sell him a part of the land and give him a deed when he made payment of the price as agreed. In the same season Penny, by parol agreement, sold a part of the land which he bought of Chapin to Paine, the claimant. It was understood between all the parties that the purchaser might build on the land as if it was his own ; but there was no agreement or understanding between them that the buildings should be the personal property of the builder and might be moved off by him. It was the ordinary case of contract for the purchase of land with a bond for a deed the purchaser to have the right to enter into possession at once, and erect buildings.

In such case the buildings when erected and attached to the land become a part of the realty, and the legal title to them is in the owner of the land. *Hemenway* v. *Cutler,* 51 Maine, 407 ; *Lapham* v. *Norton,* 71 Maine, 83.

The plaintiff worked on the house for the defendant, Moore, who built it by contract for Paine, in the fall of 1884.

December 12, 1884, Chapin paid the balance of the purchase money and took a deed from Mrs. Cushman, and December 13, 1884, Chapin conveyed to Penny, who conveyed to Paine June 17, 1885.

The house was real estate and the plaintiff so claimed it when

he filed his lien claim, January 1, 1885, in the office of the town clerk. After describing the buildings in language sufficient, if in a deed, to convey the house and land on which it stood, he says : "For which I claim a lien on said buildings and the land on which the same are situated."

If the plaintiff had a lien for his work as he claims, as against Paine, it was on the house and lot, and to preserve and enforce it, the house and lot should have been attached as real estate ; but the officer did not return his attachment to the registry of deeds in the county, but returned it to the town clerk of Monson, as an attachment of personal property. For this reason the plaintiff cannot have judgment for his lien, and as this is fatal it is unnecessary to consider the other grounds of defence.

> *Judgment against Moore for the sum claimed. Judgment for lien on the house denied.*

PETERS, C. J., WALTON, DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.